IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEVIN MICHEAL KING,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0318-WS-C |
| | ) | |
| **WALLACE FONDREN LOGGING,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**ORDER**

    This matter is before the Court on the plaintiff's motion, filed pursuant to Federal Rule of Civil Procedure 56(f), to stay consideration of the defendants' motion for summary judgment. (Doc. 21). The defendants have filed a response and the plaintiff a reply, (Docs. 23, 25), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

    The complaint was filed in June 2008, alleging violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1). The parties submitted their Rule 26(f) report on August 26, in which they jointly requested a discovery deadline of March 1, 2009. (Doc. 12 at 2). The Magistrate Judge entered a Rule 16(b) scheduling order imposing this deadline. (Doc. 13 at 1). Formal discovery began with the plaintiff's submission of interrogatories and requests for production on September 26. (Doc. 21 at 1-2). As of October 20, the defendants had not responded. (Doc. 25 at 5-6).

    The defendants moved for summary judgment on September 26, on the grounds that the entity defendant has at all relevant times employed fewer than the nine employees required for coverage under the FLSA. (Doc. 16). The defendants concede that the business employed eight employees for approximately 48 work weeks in what they

consider the relevant period, but they argue that the individual defendant should not be counted as an additional, ninth employee but as the employer. For all other periods, they contend that there were six or seven employees. (Doc. 17). For all these propositions, the defendants rely exclusively on the individual defendant's affidavit, which does not attach any business records. (Doc. 16, Exhibit A).

"If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" allow discovery or enter "any other just order." Fed. R. Civ. P. 56(f). "A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. [citation omitted] Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden the discovery will place on the opposing party." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

The affidavit of plaintiff's counsel explains that the plaintiff cannot present facts necessary to justify its opposition to summary judgment because, due to the newness of the case and the discovery schedule on which the parties agreed, he has received no discovery. The affidavit also reflects that, given time for discovery, the plaintiff would obtain depositions of the individual defendant and employees, including the bookkeeper, and obtain relevant business records. (Doc. 21, Exhibit A). These steps would enable the plaintiff to test the defendants' counting of employees and their denial that the individual defendant is an employee. Absent such discovery, the plaintiff cannot hope to refute the conclusory rendition of facts in the defendants' affidavit. (*Id.*).

The affidavit of counsel satisfies Rule 56(f) and demonstrates the plaintiff's obvious need for discovery with respect to FLSA coverage. The defendants insist that allowing discovery to proceed will place an intolerable burden upon them because it will force them to incur discovery costs. (Doc. 23 at 2, ¶¶ 3-4). The incurring of such costs,

however, is the inevitable result of any case that, like this one, cannot be resolved on a motion to dismiss independent of the facts.  Certainly the defendants have articulated no principle under which a plaintiff is obligated to accept the defendant's ipse dixit that it is not liable, based on facts that the defendant asserts but prefers to leave untested by the plaintiff.  On the contrary, "[b]efore entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery." *Florida Light & Power Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990).

The defendants suggest that, should the Court grant the plaintiff's motion, the scope of discovery should be limited to the number of employees.  (Doc. 23 at 2, ¶ 5).  The time to seek bifurcated discovery, however, has passed; the defendants in the Rule 26(f) report were required to address "whether discovery should be conducted in phases or be limited to or focused on particular issues," Fed. R. Civ. P. 26(f)(3)(B), and the defendants did not request sequential discovery.  (Doc. 12).

For the reasons set forth above, the plaintiff's motion is **granted** to the extent it seeks relief from responding to the defendants' motion for summary judgment.  The motion for summary judgment is **denied**, without prejudice to the defendants' ability to file a similar motion at an appropriate time.  To the extent it seeks additional or different relief, the plaintiff's motion is **denied**.

DONE and ORDERED this 28th day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE